UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORMA ALVISURIZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | No. 1:19-cv-11104-ADB |
| UNITED STATES OF AMERICA, JANE | * | |
| DOE 1,[1] and JANE DOE 2, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER ON THE GOVERNMENT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Plaintiff Norma Alvisuriz ("Alvisuriz") claims that the United States, through the East

Boston Neighborhood Health Center, is liable for medical malpractice allegedly committed by

Jane Does One and Two.  Presently before the Court is the Government's motion to dismiss the

complaint for lack of jurisdiction.  [ECF No. 14].  For the reasons explained below, the motion,

[ECF No. 14], is GRANTED, and the complaint against the United States is dismissed.  Because

the United States was not substituted for Jane Does One or Two, they remain parties to this

action.

I.      **BACKGROUND**

For purposes of this motion, the facts are drawn from the complaint, [ECF No. 1-1

("Compl.")], and relevant referred documents, and are viewed in the light most favorable to the

---

[1] Identified as Becky Bjorkman.  [ECF No. 5 at 1].

plaintiff.[2] Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).  The East Boston

Neighborhood Health Center ("East Boston Health") is a healthcare facility in East Boston,

Massachusetts.  [Compl. ¶ 2].  East Boston Health receives funding from the United States Public

Health Service, a division of the Department of Health and Human Services.  [ECF No. 9 at 1

(citing ECF No. 1 ¶ 2; ECF No. 5 ¶ 4)].

On November 2, 2015, Alvisuriz visited East Boston Health and received two

vaccinations from Jane Does One and Two.  [Compl. ¶ 4].  Within a few days of her appointment,

Alvisuriz began experiencing unbearable pain at the injection site, until eventually Alvisuriz

could not lift her arm.  [Compl. ¶¶ 5–6].  Consequently, Alvisuriz has largely been unemployed

since her visit.  [Compl. ¶ 7].

Alvisuriz claims that Jane Does One and Two were negligent in their administration of

the vaccinations and that East Boston Health is liable as their employer.  [Compl. ¶¶ 9–10].  She

therefore seeks damages for medical malpractice on the part of Jane Doe One (Count I), Jane Doe

Two (Count II), and East Boston Health (Count III).  [Compl. at 4–6].

## II.      PROCEDURAL HISTORY

Alvisuriz originally filed her complaint in Massachusetts state court, see [Compl.], but it

was subsequently removed to federal court in accordance with 28 U.S.C. § 1442(a)(1),[3] [ECF

No. 1].  On July 22, 2019, East Boston Health moved to substitute the United States as defendant

---

[2] "A district court may . . . consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."  Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).

[3] Section 1442(a)(1) provides for removal of actions against the United States "or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity . . . ."  See [ECF No. 1].

because East Boston Health is covered under the Federally Supported Health Centers Assistance Act of 1992. [ECF No. 5].[4] The Court granted the motion and the United State was substituted as a defendant on August 7, 2019. [ECF No. 9].

## III. STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must determine whether the facts as alleged in the complaint, "taken at face value," support subject matter jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). "When considering a motion to dismiss under 12(b)(1) . . . , the Court should apply a standard of review 'similar to that accorded to a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (quoting Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 414, 416 (D.R.I. 2012)). The Court must "accept the factual averments of the complaint as true, and construe those facts in the light most congenial to [Plaintiffs'] cause." Royal v. Leading Edge Prods. Inc., 883 F.2d 1, 1 (1st Cir. 1987). "Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction can be hung." Id.

## IV. DISCUSSION

Because the United States has been substituted, this is now a tort action against the United States. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, is

---

[4] Under 8 U.S.C. § 2679(d), "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 8 U.S.C. § 2679(d)(1).

therefore controlling. The Government argues that the Court lacks subject matter jurisdiction because Alvisuriz has failed to exhaust her administrative remedies. [ECF No. 15 at 2–4].

"It is 'elementary' that the United States, as sovereign, is immune from suit unless it has consented to be sued." Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)). Without an express statutory waiver of that sovereign immunity, the Court lacks subject matter jurisdiction over a plaintiff's claims. See Mitchell, 445 U.S. at 538 ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" (quoting United States v. King, 395 U.S. 1, 4 (1969))).

Under the FTCA, the Government has waived sovereign immunity "for damages for personal injury caused by 'the negligent or wrongful act or omission' of a federal employee 'while acting within the scope of his employment,' if under the same circumstances a private employer would be liable for the acts of his employee under the local law." Diaz-Romero v. Mukasey, 514 F.3d 115, 118 (1st Cir. 2008) (quoting 28 U.S.C. §§ 1346(b), 2674, 2675(a)). The statutory waiver requires, however, that plaintiffs exhaust all administrative remedies before filing their claims in federal court. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The First Circuit has "repeatedly held that compliance with this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived." Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) (citations omitted).

Alvisruiz does not contest that the United States is entitled to sovereign immunity, nor that the FTCA includes an exhaustion requirement. [ECF No. 16 at 1]. Instead, she argues that it is "fundamentally unfair to allow this case to be dismissed, as there is no way that Plaintiff or counsel would have known that the individuals treating Plaintiff, or the East Boston

Neighborhood Health Center, was deemed to be a federal entity and that relief would be available only under the Federal Tort Claims Act." [ECF No. 16 at 1–2]. The Court has previously considered and rejected these arguments. See [ECF No. 9 at 2]. As the Court explained in its substitution order, it "is bound by the language of the statute and may not ignore its mandate based on actual or perceived unfairness." [Id.]; see also Camerano v. United States, 196 F. Supp. 3d 172, 175 (D. Mass. 2016) (explaining that the United States was substituted as the proper party in a lawsuit against East Boston Health and a number of its employee practitioners), aff'd, 855 F.3d 15 (1st Cir. 2017).

Because Alvisuriz has not filed an administrative claim for damages with the U.S. Department of Health and Human Services, see [ECF No. 5-1], and has therefore failed to exhaust her administrative remedies, the Court lacks jurisdiction over the claim.[5]

## V.     CONCLUSION

Accordingly, the Government's motion to dismiss for lack of jurisdiction, [ECF No. 14], is GRANTED. Because the United States was only substituted for East Boston Health, Jane Does One and Two remain parties to this action. Alvisuriz shall have until March 27, 2020, to depose East Boston Health to determine the identity of Jane Doe Two and to perfect service on Jane Does One and Two.

---

[5] Because Alvisuriz has failed to exhaust her administrative remedies by filing an administrative claim, the Court does not consider the Government's argument in the alternative that Plaintiff has likewise failed to allege that she complied with the requirements of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-10 *et seq.* [ECF No. 15 at 2, 4–5].

**SO ORDERED.**

February 11, 2020
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE